Shearer, J.
On the eighth day of February, 1892, Hunt brought an action in the court of common pleas against Williams, for the replevin of certain horses of which he claimed to be the owner and entitled to the immediate possession. At the same time an order of delivery in replevin was issued, which was executed on the ninth by a seizure of the horses, and on the fifteenth of February a bond was taken by the sheriff, and the property delivered to the plaintiff. March 12, 1892, Williams answered, denying the allegations of ownership and right of possession, etc., and electing to have the property returned to him at the termination of the action.
The plaintiff advertised said property for sale on the eleventh day of June, 1892, and to prevent the sale, Williams, by a sup *225 plement to his answer, alleged facts upon which he . obtained an injunction restraining plaintiff from making such sale until the further order of the court. Subsequently this injunction was dissolved, and such action is assigned for error.
It seems to have been assumed that the defendant had the right by mere election to have the property retained until the final determination of the action. This claim is too broad. If the property be of the character described in the first part of section 5820 R. S. as amended (88 O. L. 274), the defendant may secure its retention by the officer until the end of the litigation, by serving notice upon the officer within ten days after the seizure that he will demand its return at the end of the case, and that he will at the next term of the court move for an order that the property be retained, subject to the final order of the court.
This is the only way in which the retention of the property ean be had. This method was not resorted to by the plaintiff in error; but if it had been adopted, the order might have been rightfully refused upon the evidence. The property is not brought within the class which may be retained under section 5820.
There remains however a remedy in such cases, and in any case, without reference to the character of the property. This is found in the second paragraph of said section 5820, as amended, to-wit: * * “the defendant may at any time within five days after the property is taken, execute an undertaking to the’plaintiff with one or more sufficient sureties * * conditioned that in case the judgment be against him, he shall then return the property taken, or pay the value * * at the election of the plaintiff * * * whereupon the property shall be returned to the defendant to be retained by him until the determination of the action.”
Recourse was not had to this remedy by the plaintiff in error, but he relied for relief upon the alleged failure of the plaintiff below to execute the proper bond within the prescribed time to entitle him to hold the property. The claim is also made *226 that an action on the bond will not afford adequate relief in ' view of the excess of the value of the property over the pen-1 alty of the bond, and that the property should be held until the determination of the suit.
Section 5819, provides that, “ except as provided in section 5820, the sheriff shall deliver the property taken to the plaintiff * * after the expiration of five days from the seizure, when there is executed * * a written undertaking to defendant * * to the effect that plaintiff shall duly prosecute the action, and in case judgment shall be against him, that he. then return the property taken or pay the value so assessed, at the election of the defendant,” etc. And it is also provided by said section that the officer shall not be required to take possession of said property until the plaintiff executes to the defendant, to the satisfaction of the officer, an undertaking conditioned that he will duly prosecute the action, and in the event of a decision against him, that he will pay the costs made on the order and the expenses incurred in the management and care of the property.
The first undertaking is to secure the return of the property or the payment of its value as the defendant may elect; the second is to secure defendant against the expense of its care and management pending the litigation.
Section 5822, which has not been amended, provides that: “Ifthe undertaking required by section 5819, be not given within twenty-four hours after the property is taken, or after the right first accrues to the plaintiff to receive the property from the officer on executing the proper undertaking, the offieer shall return the property to the defendant.”
It is to be noted that the undertaking is not in every case to be given within twenty-four hours after the seizure, but it is in time if given within twenty-four hours after the right of plaintiff accrues to receive possession from the officer, which may not be until five days after the seizure (R. S., 5819). The language of section 5819 is “after five days” * * “when there • is executed * * a written undertaking.” In other words, *227 if the undertaking is executed within twenty-four hours after “ five days from the time the property is taken,” it is in time. The undertakings were given within six days in this case.
8. Hambleton, tor plaintiff in error.

8ater & Kinkead, contra.

The judgment below was right, because — (1) the undertakings were given in time ; (2) the property was not within the category of property'to be retained by the officer; and, (3) the plaintiff in error had an adequate remedy at law, provided 'by the statute, of which he did not avail himself.

Judgment affirmed.